Anne R. Lawrence, Esq. Deputy County Attorney, Putnam County
You have asked whether a county may require that notification be given to county officials of the scheduled transportation of nuclear wastes through the county. If a county were to enact such a requirement, it may be preempted by Federal regulations, unless a court or the U.S. Department of Transportation holds that it is not preempted.
In January 1981 the U.S. Department of Transportation ("DOT") issued regulations governing the routing of radioactive materials by highway,46 Fed. Reg. 5298 (January 19, 1981). Those regulations permit such materials to be transported on interstate highways and purport to override all State and local restrictions (including prenotification requirements) that would interfere with such shipments. (See the Hazardous Materials Transportation Act, 49 U.S.C. § 1811[a].)
The DOT regulations were challenged by the City and State of New York inCity of New York v United States Department of Transportation,539 F. Supp. 1237 (SDNY, 1982). The court ruled in favor of the City and State in finding that the DOT regulations are invalid insofar as they would preempt State or local bans on shipments of spent fuel and other large quantity shipments through New York City and other "densely populated areas". The court did not reach the question of whether restrictions passed by rural, non-densely populated areas are preempted. DOT and the nuclear industry have appealed the decision.
Under the terms of the court's order, New York City's ban is explicitly not preempted. Other municipalities which have bans and believe that they are densely populated can apply to DOT for a ruling that they are densely populated, that a safer transport alternative exists, and that their ban is not preempted. If a municipality applies to DOT and is denied such a ruling, the municipality can appeal that denial to the court.
Neither the court's opinion nor its order addresses the question of whether prenotification regulations are preempted by the DOT regulations. This issue is raised in State of Ohio v United StatesDepartment of Transportation, No. C 81-1394 (ND Ohio), but no decision has been rendered.
Thus, if Putnam County were to pass a prenotification requirement, it could prevent the preemption of that regulation if the county either (1) obtained a ruling from DOT that it is covered by the New York City decision; (2) obtained a ruling from a court that restrictions passed by rural areas are not preempted; or (3) obtained a ruling that its prenotification regulation is not preempted. To obtain the first ruling the county would have to petition DOT. The second and third rulings could be obtained either in an action against DOT or in defense of an action challenging the validity of the county's requirement. However, until Putnam County enacts a restriction and obtains a ruling from DOT or a court it will remain unclear whether such a restriction is preempted.
Because the issue of preemption by Federal regulations is unresolved, there is no occasion to reach the question whether these requirements are authorized under State law. Nonetheless, you may be interested in our informal opinion No. 82-66, a copy of which is enclosed.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.